IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br>    v.<br>LACHWANI,<br>        Defendant. | Case No. 21-cr-00353-CRB-1<br><br>**ORDER DENYING RELEASE PENDING APPEAL** |

Defendant Manish Lachwani pleaded guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. See Plea Agmt. (dkt. 88). Prior to sentencing, this Court held a hearing on the application of the "loss" enhancement under U.S.S.G. § 2B1.1(b)(1). Lachwani fiercely disputed that the enhancement should apply. He argued at the hearing and throughout extensive briefing that although he defrauded investors, there was no loss. See Hearing Tr. (dkt. 125); Def. Sentencing Memo (dkt. 105); Def.'s Resp. to Gov't Sentencing Mem. (dkt. 113).

The Court rejected Lachwani's argument, concluding that a reasonable estimate of the loss amount was $3,149,056. See Order on Loss (dkt. 126) at 12–21. Based on the loss amount, the Court found an 18-level enhancement, id. at 21–22, and an adjusted offense level of 20, which resulted in a Guidelines range of 33–41 months, see 4/19/24 Tr. at 3:22–25. The Court sentenced Lachwani to a term of 18 months imprisonment. See Judgment (dkt. 141) at 2.

Lachwani now moves for release pending appeal, arguing (again) that the loss amount in his case was zero and that the Court therefore miscalculated his Guidelines

range. See Mot. (dkt. 153). The government opposes Lachwani's motion. Opp'n (dkt. 157). The Court held a hearing on August 22, 2024. See Minute Entry (dkt. 169). The parties' dispute centers on whether Lachwani raises a substantial question of law or fact that is likely to result in a reduced or non-custodial sentence.[1] See 18 U.S.C. § 3143(b)(1); United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). A "substantial question" is one that is "fairly debatable." Handy, 761 F.2d at 1283.

The Court does not find it "fairly debatable" that there was no actual loss. As the Court explained in its previous order, HeadSpin's investors were "induced to part with their money based on fraudulent misrepresentations about HeadSpin's prospects for growth—and thus for future returns—and they would not have parted with their money had they known about the fraud." Loss Order at 8–9. Therefore, at the time of the transaction, "the investors got something worth less than what they paid." Id. at 9. That the company had sufficient assets to reimburse investors after it absorbed the impact of the fraud does not make it "fairly debatable" that there was no actual loss at the time of the investment. Id. To adopt Lachwani's position would mean that the Guidelines makes no distinction between a defendant who defrauds victims out of $10 and a defendant who defrauds victims out of $1,000,000, so long as there is enough money to repay the victims after the fraud is discovered. That cannot be.

Nor does the Court find it "fairly debatable" whether United States v. Ortland, 109 F.3d 539 (9th Cir. 1997) controls the method for calculating loss in Lachwani's case. The Ninth Circuit decided Ortland before the Sentencing Commission added a comment to U.S.S.G. § 2B1.1 addressing when to apply credit against loss. See U.S.S.G. § 2B1.1, cmt. n.3(E)(i) (2001 amendments) (explaining that "the amendment resolves a circuit conflict regarding whether and how to credit payments made to victims"). It is telling that Lachwani has not produced any authority in support of his position after this comment was

---

[1] The government initially asserted that Lachwani waived his rights to appeal his sentence on the basis of a miscalculated Guidelines range, see Opp'n at 3–5, but it later withdrew that argument, see Notice Withdrawing Arg (dkt. 168).

1  added.  The Court explained further reasons why <u>Ortland</u> does not control in its prior
2  order.  <u>See</u> Loss Order at 11.
3        Finally, at the hearing, Lachwani argued that it is "fairly debatable" that he should
4  be credited for the amount returned to investors because he was not involved in the Recap.
5  But as the Court already explained, "the record shows that Lachwani's cooperation was
6  necessary to the success of the Recap."  Loss Order at 9.  Therefore, crediting him for the
7  amount returned to investors would "amount to rewarding him for actions taken to reduce
8  the consequences of his fraud after its discovery."  <u>Id.</u> at 10.  That is contrary to the
9  Guidelines and Ninth Circuit law—and in turn, not a substantial question that is likely to
10  result in a reduced sentence for Lachwani.
11        Because Lachwani fails to meet the standard for release pending appeal, his motion
12  is DENIED.  Lachwani is presently scheduled to self-surrender on or before September 2,
13  2024.  <u>See</u> Minute Entry (dkt. 138).  At the hearing, he requested that the Court continue
14  his self-surrender date by 60 days should his motion be denied.  The Court hereby
15  continues his self-surrender date by 30 days, to October 2, 2024.

17  **IT IS SO ORDERED.**
18  Dated:  August 23, 2024

                                                          CHARLES R. BREYER
                                                          United States District Judge